# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT COVINGTON

**CRIMINAL CASE NO. 03-47-DLB**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**CARLOS MENDEZ PHILLIPS**                                        **DEFENDANT**

* * * * * * * * * * * * * * * * * *

On May 25, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Carlos Mendez Phillips had violated conditions of his supervised release. Defendant was present in Court and represented by David B. Sloan, and the Government was represented by Assistant United States Attorney Robert K. McBride. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-03-cr-47-DLB-CJS-20170525_132757; the official record of this proceeding was certified by Tammy J. Ziegelmeyer, Deputy in Charge.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the May 15, 2017, Violation Report, and, in exchange, the Government agreed to a recommended sentence of 48 months of imprisonment with no supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be**

**revoked** and that he be **sentenced to a 48-month term of imprisonment, with no supervised release to follow**.

## I.     Procedural Background

On October 10, 2003, Defendant pleaded guilty to Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1).  (R. 50).  On April 14, 2004, the presiding District Judge sentenced Defendant to a 108-month term of imprisonment with 8 years of supervised release to follow.  (R. 102).

On April 25, 2011, Defendant was released from prison to begin his term of supervision.  (R. 136).  On January 4, 2013, Defendant was before the Court on violation of his supervision as set forth in the Probation Officer's January 3, 2013, Petition for Warrant for Offender Under Supervision, which reported Defendant violated the condition that he not commit another federal, state or local crime.  (R. 129, 132).  In the Petition, the Probation Officer explained that a search of the Defendant's residence on January 3, 2013, revealed approximately 22.7 grams of marijuana and a digital scale.  (*Id*.).  Defendant admitted to the Probation Officer that the marijuana belonged to him and that he had recently sold marijuana.  (*Id*.).  On January 8, 2013, United States Magistrate Judge Wehrman found Defendant violated the terms of his supervised release and recommended that Defendant's supervision be revoked and that he be sentenced to a 30-month term of imprisonment with 6 years of supervision to follow.  (R. 136).  On January 25, 2013, the presiding District Judge adopted the Report and Recommendation and so sentenced Defendant.  (R. 138, 139).

On April 27, 2015, Defendant was released from prison to begin his term of supervision.  (R. 147).  On August 6, 2015, Senior United States Probation Officer Stacey Suter submitted a Petition for Warrant for Offender Under Supervision, notifying the presiding District Judge that Defendant

had not complied with conditions of his supervision as a sweat patch applied to Defendant had returned positive for cocaine. (*Id.*). Defendant ultimately admitted to two violations of his supervised release conditions relating to his use of cocaine. (R. 153; R. 155). The undersigned issued a Report and Recommendation, finding Defendant violated the terms of his supervised release and recommending that Defendant's supervision be revoked and that he be sentenced to an 8-month term of imprisonment with 6 years of supervision to follow. (R. 155). On August 26, 2015, the presiding District Judge adopted the Report and Recommendation and sentenced Defendant accordingly. (R. 157).

On April 22, 2016, Defendant was released from incarceration and began his new term of supervision. (R. 185). On February 23, 2017, Defendant voluntarily agreed to a modification of his supervision, to wit, a 5-day jail sanction, as provided by the Swift, Certain and Fair Supervised Release Program for violating the condition of his release requiring he refrain from any unlawful use of a controlled substance and the use of alcohol. (R. 179).

On April 10, 2017, Officer Suter notified the presiding District Judge that Defendant had again violated a condition of his supervision relating to the use of controlled substances. However, Officer Suter recommended the 10-day jail sanction for the violation under the Swift, Certain and Fair Program be held in abeyance due to Defendant's need for medical treatment. The District Judge approved the Officer's recommendation. (R. 180).

On May 15, 2017, Probation Officer Suter submitted a Petition for Warrant for Offender under Supervision. In this Petition, Officer Suter notified the Court of Defendant's various violations of his conditions of release, including the violation reported on April 10, 2017. (R. 181). Officer Suter recommended that a warrant issue for Defendant's arrest. (R. 181). A warrant issued,

and Defendant was brought before the undersigned to answer for the alleged violations. (R. 181-R. 184). Defendant now stands before this Court charged with six violations of his supervised release conditions. These charged violations were presented to the Court via the Probation Officer's May 15, 2017, Violation Report. (R. 185). As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to the violations as set forth in the Violation Report, and the parties agreed on a recommended sentence of 48 months with no supervision to follow.

At the initial appearance, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Guidelines range. The undersigned further explained during the final hearing that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violations set forth in the May 15, 2017, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1**: The Defendant shall not purchase, possess, use, distribute, or administer any controlled substances, except as prescribed by a physician (Grade C violation).

On March 29, 2017, Defendant submitted a urine screen as directed, and the Non-Instrumented Drug Testing device returned a positive result for cocaine. (R. 185). Defendant denied use and asked that the specimen be forwarded for further testing. Later in the day of March 29, 2017, Defendant admitted to a probation officer that he did, in fact, use cocaine. The sample was

submitted to Alere Laboratories for testing, and the Probation Office was informed the sample was positive for cocaine.

**Violation No. 2**:     The Defendant shall not commit another federal, state, or local crime (Grade B Violation).

Defendant provided a urine sample on March 29, 2017, that returned a positive finding for cocaine.  Under Sixth Circuit precedent, use is equivalent to possession and therefore under the circumstances considered a violation of federal law, 21 U.S.C. § 844(a), given Defendant's history.

**Violation No. 3:**     The Defendant shall not purchase, possess, use, distribute, or administer any controlled substances, except as prescribed by a physician (Grade C violation).

On April 18, 2017, probation officers conducted a search of Defendant's residence.  During the search, various items were located and seized, including small plastic baggies, torn pieces of plastic bags, marijuana pipes, and five cellular telephones.  Officer John D'Alessandro was able to inspect one of the five phones, which revealed multiple text messages between Defendant and others that were indicative of drug trafficking and the distribution of illegal drugs.  The officer was unable to search the other phones because two of the phones were missing items to make them readable, another phone had a broken screen, and the last phone was password protected and Defendant claimed not to have the password.

**Violation No. 4**:     The Defendant shall not associate with any persons engaged in criminal activity (Grade C violation).

During the search of a cell phone found during the April 18, 2017, search of Defendant's residence, multiple text messages were found between Defendant and other parties that were indicative of drug trafficking and the distribution of illegal drugs.

**Violation No. 5**:    The Defendant shall submit his person, residence, curtilage, office or vehicle to a search, upon reasonable suspicion of a violation of supervised release, at the direction and discretion of the U.S. Probation Office (Grade C Violation).

On April 18, 2017, the Probation Office conducted a search of Defendant's residence. Several cell phones were collected. The cell phone that Defendant said was his primary phone required a password. When asked to provide the password, Defendant claimed his girlfriend changed it and he did not know the password. Defendant still has not provided the password.

**Violation No. 6**:    The Defendant shall not commit another federal, state, or local crime (Grade A Violation).

During the April 18, 2017, search of Defendant's residence, items and text messages were located that indicated Defendant was involved in drug trafficking. The information found would support Defendant being charged with trafficking in a controlled substance, 1st Degree, with a penalty of not less than 5 years of incarceration.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charges knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged. Defendant has not waived his right to allocution, and he did not waive his right to appeal. The Court advised Defendant of his appellate rights and he signed an acknowledgment, in the event he subsequently decides to file a waiver of his right to allocute before the presiding District Judge. The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.    Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1.  The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.  The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.  The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 5 years, the underlying offense being a

Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 30 to 37 months, based upon Defendant's criminal history category of III and the highest level supervised release violation being a Grade A violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 48 months of incarceration with no supervised release to follow. Assistant United States Attorney McBride explained that while the recommended sentence is above the Guidelines range, such a sentence is appropriate given his prior supervised release violations and because no supervision is being recommended to follow. Probation Officer Suter confirmed she agrees with the parties' recommended sentence.

Upon consideration of the entire record, including the May 15, 2017, Violation Report, the sentencing materials from the underlying Judgment in this District, the seriousness of the underlying offense, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 48 months is appropriate. While this sentence is above the applicable Guidelines range, this is the third time Defendant has been before the Court charged with violating the conditions of his supervised release. Further, his violations all stem from his use of controlled substances and his return to drug trafficking. A 48-month term of incarceration after his prior revocations is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

8

The parties' agreed-upon recommendation of no supervision to follow is also appropriate given Defendant's course of supervision and the Probation Office's limited resources. As evident from a review of the facts surrounding Defendant's past and present violations of his supervision, Defendant has difficulties conforming his behavior to the requirements of supervised release. Further, his repeat conduct demonstrates he is not willing to avail himself of the structure that the Probation Office provides. Thus, an additional term of supervision for Defendant would not be effective to facilitate his rehabilitation, and the services of the U.S. Probation Office are better utilized elsewhere.

Lastly, Defendant has requested that the Court recommend he be placed at a federal medical facility as close as possible to his home so that he can obtain necessary medical treatment for his Graves Disease. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

## III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to all violations knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1.    Defendant **Carlos Mendez Phillips** be found to have **violated** the terms of his supervised release as set forth in the May 15, 2017, Violation Report;

2.    Defendant's supervised release be **revoked;**

3.　　Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **48 months,** with **no supervised release to follow**;

4.　　Defendant be permitted to serve his sentence at a federal medical facility closest to his home that is able to provide appropriate treatment for his Graves Disease; and

5.　　Defendant having preserved his right to allocute, the Court set the matter for an allocution hearing unless Defendant notifies the Court in writing within **fourteen (14) days** of this Report and Recommendation that he wishes to waive allocution to the District Court prior to sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated this 31st day of May, 2017.



**Signed By:**

**_Candace J. Smith_**

**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\03-47 Phillips R&R 5-31-17.wpd